MALCOLM GRAY
Name HDSP
P.O. BOX 650
Indian Springs NV 89070
42404
Prison Number

FILED ___RECEIVED
___ENTERED ___SERVED ON
COUNSEL/PARTIES OF RECORD

2014 OCT 16 A 11: 27

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

MALCOLM GRAY                ,
            Plaintiff,

vs.

Greg Cox et al.,           ,
Sheryl Foster,
Jennifer Nash             ,
Dwight Neven
Timothy Filson            ,
Bruce Stroud
c/o Arm Bruster           ,

_____,
        Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:14-cv-01094-JAD-PAL
(To be supplied by the Clerk)

FIRST AMENDED

CIVIL RIGHTS COMPLAINT
PURSUANT TO
42 U.S.C. § 1983

" ▬▬▬▬▬▬▬     ▬▬▬▬▬"

Jury Trial Demanded

## A. JURISDICTION

1)     This complaint alleges that the civil rights of Plaintiff, Malcolm Gray           ,
                                                 (Print Plaintiff's name)

who presently resides at High Desert State Prison           , were

violated by the actions of the below named individuals which were directed against

Plaintiff at HDSP P.O. Box 650 Indian Springs, NV 89070      on the following dates
                (institution/city where violation occurred)

6/24/13           ,        2/9/14           , and _____.
     (Count I)                  (Count II)                  (Count III)

**Make a copy of this page to provide the below
information if you are naming more than five (5) defendants**

2) Defendant  Greg Cox  resides at  Unknown  ,
                        (full name of first defendant)                     (address if first defendant)
    and is employed as  Director of NDOC  . This defendant is sued in his/her
                        (defendant's position and title, if any)

    X  individual  X  official capacity.  (Check one or both).  Explain how this defendant was
acting

    under color of law:  Defendant is employed by the State of Nevada ex rel
    Nevada Department of Corrections

3) Defendant  Sheryl Foster  resides at  unknown  ,
                        (full name of first defendant)                     (address if first defendant)
    and is employed as  Deputy Director  . This defendant is sued in his/her
                        (defendant's position and title, if any)

    X  individual  X  official capacity.  (Check one or both).  Explain how this defendant was
acting

    under color of law:  Defendant is employed by the State of Nevada ex rel
    Nevada Department of Corrections

4) Defendant  Jennifer Nash  resides at  unknown  ,
                        (full name of first defendant)                     (address if first defendant)
    and is employed as  Associate Warden  . This defendant is sued in his/her
                        (defendant's position and title, if any)

    X  individual  X  official capacity.  (Check one or both).  Explain how this defendant was
acting

    under color of law:  Defendant is employed by the State of Nevada ex rel
    Nevada Department of Corrections

5) Defendant  Dwight Neven  resides at  Unknown  ,
                        (full name of first defendant)                     (address if first defendant)
    and is employed as  Warden  . This defendant is sued in his/her
                        (defendant's position and title, if any)

    X  individual  X  official capacity.  (Check one or both).  Explain how this defendant was
acting

    under color of law:  Defendant is employed by the State of Nevada ex rel
    Nevada Department of Corrections

7)  Defendant ~~BRUCE~~ STROUD resides at unknown address and is employed as warden at H.D.S.P. This defendant is sued in his/her ✓ individual ✓ official capacity. Explain how this defendant was acting under color of law: Defendant is employed by the state of Nevada ex rel Nevada Department of corrections.

8)  Defendant C/O ARMBRUSTER resides at unknown address and is employed as correctional officer at H.D.S.P. This defendant is sued in his/her ✓ individual ✓ official capacity. Explain how this defendant was acting under color of law: Defendant is employed by the state of Nevada ex rel Nevada Department of corrections.

Case 2:14-cv-01094-JAD-PAL   Document 1   Filed 07/03/14   Page 4 of 13

6) Defendant _____ resides at _____,
           (full name of first defendant)                    (address if first defendant)
    and is employed as _____ . This defendant is sued in his/her
                          (defendant's position and title, if any)
    ___ individual ____ official capacity.  (Check one or both).  Explain how this defendant was
acting

    under color of law: _____
    _____


7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983.  If you wish
to assert jurisdiction under different or additional statutes, list them below.

    _____
    _____

-  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -

## B. NATURE OF THE CASE

1)        Briefly state the background of your case.

    (1) On 6/24/13, approximately at or around 6pm
Defendant Armbruster neglected to pass out mail within Unit 11.
The next day Unit 11 porters informed Malcolm Gray (hereinafter
"Plaintiff) that they found a weeks worth of mail inside the
Unit 11 trash bin. Plaintiff was awaiting the original copy of
an orbituary of an immediate family member who passed away
the previous week before.

    (2) Plaintiff immediately filed grievance addressing the
issue of the unit 11 officers nefarious conduct of throwing away
the mail, because Plaintiff filed grievances Defendant's Steve foster,
Jennifer Nash, Dwight Neven, Timothy Filson, Bruce Stroud c/o
Armbruster commence a retaliatory campaign against the Plaintiff

-  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -  -

## C. CAUSE OF ACTION

3

neglecting to provide his mail and providing mail 20 days late.

(3) Defendants Cox, Foster, Nash, Neven and Stroud promulgated and promoted a policy that fails to protect inmates, the policy encourages violence, rape and death amongst the strong against weaker inmates by not providing a cell move and the Defendants know that the policy exposes Plaintiff and all inmates to serious harm. For example if two cell mates live in the same room together and one cell mate has a prison knife and the cell mate claims that the knife was his both cell mates go to the hole which leaves the cellmate who has not committed any violation loss of level status, job, wages.

(4) Defendants force inmates to live with well known prison rapists. Furthermore the inmate lose his status without being served a notice of charges. Defendants policy discriminates and serves no penological interests, causes Plaintiff's hardship and punishment, and violates, chill; infringement of Plaintiff's First and Fourteenth Amendment right of the U.S. constitution

WHEREFORE, Plaintiff prays to reserve the right to amend this complaint as additional evidence becomes available through discovery

**COUNT I**

The following civil rights has been violated: <u>FIRST AMENDMENT;</u>

<u>RETALITATION "REDRESS PRISON GRIEVANCES" and FIRST AMENDMENT</u>

<u>PROHIBITION AGAINST PRISON OFFICIALS DELIBERATE PREVENTION</u>

<u>FROM COMMUNICATING WITH PRESS, MEDIA OR OUTSIDE WORLD</u>

<u>UNDER THE U.S. CONSTITUTION.</u>

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Plaintiff realleges the Nature of the case, section paragraphs 1 and 4 as specifically alleged herein

(5) Plaintiff was denied and deprived of his First Amendment right to redress prison grievances and his First Amendment right to communicate with the outside world by Defendants Jennifer Nash, Dwight Neven and Sheryl Foster when they retaliated against the Plaintiff for filing grievance on C/O Armbruster due to the fact that he discarded Plaintiff's and all of Unit 11 inmates mail in the trash.

(6) Due to the fact that Plaintiff filed grievances and had family members contact H.D.S.P officials Defendants Nash, Neven and Foster commenced a retaliatory campaign against the Plaintiff that prevented him from receiving any mail and mail that he did receive was 30 days late.

(7) Defendants policy of depriving Plaintiff of his mail did not reasonably relate to legitimate penological interests, this was a blatant attempt to discourage and punish Plaintiff for exercising his constitutional right and prevent him from communicating with the outside world

due to the fact of his grievance writing Defendants even stamp received the mail fraudulently to cover up the retaliation.

(8) Defendant's Nash, Neven, Foster and Armbruster knew or should have known that their actions as described herein was a blatant violation of Plaintiff's First Amendment rights and was a chill, blatant infringement upon Plaintiff's First Amendment rights.

WHEREFORE Plaintiff prays for judgment against Defendants as is more fully enumerated

## COUNT II

The following civil rights has been violated: Fourteenth Amendment Right to Due Process: Failure to Protect ; Liberty interest , Right to be Free From Discrimination

Supporting Facts: [Include all fact you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Plaintiff realleges the Nature of the Case section paragraphs 1-4 as specifically alleged herein.

(9) Plaintiff and all persons similarly situated were and are denied and deprived of their Fourteenth Amendment Right to Due Process and the right to be free from discrimination by Defendants Greg Cox, Dwight Neven, Timothy Filson, Jennifer Nash and Bruce Stroud when they fail to protect inmates by promulgating a policy or custom that encourages and or forces inmates to fight before receiving bed moves. I have seen at least Eight instances whereas cellmates became violent with each other due to the NDOC bed move policy. And in only two of these instances did the Administration find out about the violent occurrences. I'm aware that in unit 11 B pod 2 black inmates were trying to be separated as cellmates for at least 3 weeks. After no move came; violence erupted. 11B was locked down, one inmate was sent to Ely State prison and the other is currently in 10F. The inmate in 10F was my cellmate previously in 2010. Also in unit 11D an inmate on an interstate compact here in NV from Washington State had a violent encounter with his cellmate. I worked with the Washington State inmate and was an associate of his cellmate. They had requested a bed move

**COUNT II** continued

The following civil rights has been violated: Fourteenth Amendment Right to
Due process : Failure to protect ; Liberty interest, Right to be
Free from Discrimination

Supporting Facts: [Include all fact you consider important.  State the facts clearly,
in your own words, and without citing legal authority or argument.  Be sure you
describe exactly what each specific defendant (by name) did to violate your rights].

several times previously. WHEN a violent episode occurs the bed move policy is
relaxed and inmates are allowed to move to more suitable cells. This is
common Knowledge among the inmate population. Inmate Donald Brown who is
white but is classified as BLACK because of gang affiliation and who
has made it clear that he can and only will cell with BLACK inmates
for safety reasons and cultural reasons was forced to be level reduced
as punishment for refusing to cell with a white inmate. All of Brown's
previous cellmates were BLACK and all subsequent ones as well. However the
Administration at HDSP changes policy on whimsical theory. Right before
Brown was punished for refusing to cell with a white inmate
he was denied a job because he was classified as black and
the job wanted to maintain "racial balance". If Brown had celled
with the white inmate he (Brown) may have been attacked as a "race traitor".
The Administration is fully aware of this fact yet they continue this
untenable policy. The Defendants have been approached by CURE, Citizens
united for the Rehabilitation of ERRANTS about all these topics as well.
Specifically, Director Cox has been briefed repeatedly by CURE, grievances
have been filed and denied and inmates are still left to fend
for themselves. Director Cox has approved and known about these actions

7A

COUNT II CONTINUED

and this knowledge has been communicated to Warden NEVEN. Warden NEVEN has passed this policy on to the Associate Wardens at HDSP who are B. STROUD, J. NASH, T. FILSON. Deputy Director FOSTER has attended CURE meetings with Director COX and is also implicated in this matter by having first hand knowledge about the matters listed herein.

10) Prisoners at HDSP are forced to live with well known prison rapists and other violent offenders due to the "No Convenient Bed Move" policy. Plaintiff and all similarly situated inmates must endure living with violent prisoners some who make "pruno" (prison alcohol) or who make, fashion and keep prison made weapons in their cell. I witnessed Senior Correctional Officer DUGAN find pruno in cell 11F-18. An associate of mine was housed in that cell (Derrick Williams). The cellmate of inmate Williams approached S/co Dugan and stated, "All that is mine, Williams didn't have nothing to do with anything". S/co Dugan then stated, "It doesn't matter anyway the WARDENS policy is that both inmates in the cell must be written up". Both inmates were written up, fired from their respective jobs and level reduced to more re-strictive housing before being afforded a Disciplinary hearing. This exact situation has the possibility of erupting into deadly violence. The Administration and Defendants COX, NEVEN, Nash, FILSON, and STROUD along with S. FOSTER know full well that inmates can not and should not be accountable for the actions or inactions of a cellmate. The policies in place are designed to create peer pressure amongst the inmate population. That peer pressure is utilized to encourage informing on a cellmate and or a violent confrontation

between the cellmates or parties involved. All the Defendants are aware of "inmate Justice" or an "inmate code" where—in an guilty inmate is encouraged or forced to plead guilty to a charge or charges to save a cellmate or group of inmates from the sanctions to come. This encouragement or force is not needed sometimes because the guilty party if applicable will confess to the charges being brought. However on many occasions threats and or violence is used to bring about a confession amongst the inmate population. This is common knowledge among the staff under the Direction of all the defendants. This shifting of the burden of security from the staff is a classic form of deliberate indifference. When Officers are directed to charge both inmates with an infraction because the actions of one inmate in a cell they are encouraging "prison Justice". The staff after charging both inmates are relying on peer pressure which may be malicious or benign to reach a guilty finding. Plaintiff was recently in the past 5 months fired from a job and sent to the hole. Some contraband items were found in a common area. After the items were found 10 inmates were interviewed but not before being terminated from work assignments. All 10 inmates were told as was I the plaintiff that unless someone "stands up" for the contraband we would all be fired and Level reduced. CCS Stevens told plaintiff these words and CCS Stevens also said that the actions taken were "at the direction of the WARDEN". He did not state which warden. Furthermore upon arrival in Administrative Segregation at no time was plaintiff given an Administrative Segregation Notice of Classification Hearing. Also of note is the fact that plaintiff was the only one of ten inmates to be sent to the hole or Administrative Segregation.

Plaintiff feels this was retaliation. Plaintiff was asked "has anybody threatened you". My response was/is "No", so the Ad Seg placement was not warranted and served no penological goal. This group punishment/peer pressure model of resolution poses a serious threat to all inmates. The prison officials listed herein are knowingly and unreasonably disregarding an objectively intolerable risk of harm and they will continue to do so regardless of the violence, threats and even deaths that occur. Prison officials will continue to adhere to this policy because they do not see a distinct difference between convenience and safety in relation to bed moves and or charges of misconduct when misconduct is obviously absent against one party or multiple parties.

11) As stated previously in the case of inmate Derrick Williams the Staff Level reduced him without Due Process. Eventually inmate Williams was found "NOT Guilty" but was forced to "earn" his way back to Unit 11 or Level One. All the while facing obstacles that were unwarranted along the way such as violence or charges of misconduct while being unduly classified to inappropriate housing Level(s). Plaintiff is similarly situated currently after a NOT Guilty finding for charges. However I have witnessed Robert Walker be level reduced without Due Process on the whim of CLS Stevens as retaliation for grievances. CLS Stevens even unassigned inmate Walker against the unwritten policy of only work/job related infractions will result in immediate termination. And against the stated wishes of his employer. The lack of enforcement and clarity allows for Due Process violations and retaliation. The lack of oversight by senior Administrators, specifically all the Defendants listed creates a culture of cover-ups for rule breaking staff.

The STG or Security Threat Group inmates and the Gay, Bi, Trans-
gender inmates appear to be able to move cells with no
resistance. Yet the other segments of the population are not
entitled to the same protections or considerations. I have seen at
least ten (10) instances of STG inmates or GBT inmates moving cells
for safety concerns. Yet the rest of the general population
are not afforded this right. Also the Defendants know and
promote a policy wherein when (2) two cellmates are charged
with an infraction and one pleads guilty the Hearing officer
will still find <u>both</u> inmates guilty of the infraction. This policy is
used to control unruly inmates who mouth off or disrespect
Staff. The Defendants are aware that this action will cause
permanent friction and animosity between those cellmates. The
guilty finding is used to solicit a violent act against the
unruly inmate as pay back for the perceived slight. Plaintiff
has seen two BLACK inmates who are cellmates be charged with
an infraction for an illegal "tatto gun". One inmate plead guilty to
the charge yet both were found guilty. This happens regularly at
HDSP. The "No convenience bed move policy" combined with writing both cell-
mates up or a group of inmates poses a clear and present danger to
Plaintiff and all similarly situated inmates. Defendants COX, FOSTER, Nash,
NeveN, FILSON and STROUD know about the numerous assaults and the
peer pressure policies of the staff. These Defendants encourage, promote
oversee and authorize these unconstitutional violations. This
combination of events chill and infringe upon the Fourteenth
Amendment Rights of the Plaintiff and those similarly situated.

-1E-

outline).

    a)      Defendants: _____

    b)      Name of court and docket number: _____

    c)      Disposition (for example, was the case dismissed , appealed or is it still pending?):

             _____

    d)      Issues raised: _____

             _____

             _____

    e)      Approximate date it was filed: _____

    f)      Approximate date of disposition: _____

2)     Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?** ____ Yes   _X_ No.  If your answer is "Yes", describe each lawsuit.  (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

    a)      Defendants: _____.

    b)      Name of court and case number: _____.

    c)      The case was dismissed because it was found to be (check one): _____ frivolous ____ malicious or ____ failed to state a claim upon which relief could be granted.

    d)      Issues raised: _____

             _____

    e)      Approximate date it was filed: _____

    f)      Approximate date of disposition: _____

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

    a)      Defendants: _____.

    b)      Name of court and case number: _____.

c)   The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

_____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a)   Defendants: _____.

b)   Name of court and case number: _____.

c)   The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

_____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

3)   Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? _X_ Yes ___ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) ___ disciplinary hearing; (2) ___ state or federal court decision; (3) ___ state or federal law or regulation; (4) ___ parole board decision; or (5) ___ other _____.

If your answer is "Yes", provide the following information. Grievance Number _2006296 3150_

Date and institution where grievance was filed _6/26/13  HDSP/ 2006 2974703  2/9/14  HDSP_

Response to grievance: _Denied_____

_____

_____

9

-------------------

-------------------

- - - - - - - - - - - - - - - - - - - -

### E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

1) Declaratory Judgement which declares that inmates have a constitutional right to be protected.

2) A permanent injunction ordering Defendants to cease and desist from implementing the unwritten policy of forcing prisoners from fighting to receive bed moves.

3) Punitive damages of $30.00⁰⁰ plus bill of cost for the prosecution of this action.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury.  **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

TARZ Mitchell

(Name of Person who prepared or helped
prepare this complaint if not Plaintiff)

(Signature of Plaintiff)

10/10/14

(Date)

- - - - - - - - - - - - - - - - - - - - - - - - - -

(Additional space if needed; identify what is being continued)

4) $100,000 for each Defendant. 5) That this court maintain jurisdiction as to both parties and subject matter.

10

E. REQUEST FOR RELIEF

6) That each Defendant found guilty herein pay Plaintiffs compensatory damages in EXCESS OF 10,000

7) That Defendants pay court costs, fees and a reasonable attorney fee.

8) That each Defendant is being sued in his/her individual capacity for monetary damages and in his/her official capacity for injunctive relief only.

9) That each Defendant that causes or enters into a union, agreement, common scheme or plan, design, plot or conspiracy to have plaintiff transferred, after becoming aware of the existence of this lawsuit pay plaintiff treble damages on account of a retaliatory animus to moot the claims herein.

10A