1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MALCOM GRAY,

                        Plaintiff,

    v.

GREG COX, et al.,

                     Defendants.

Case No. 2:14-cv-01094-JAD-PAL

**ORDER**

(Mot. Issuance of Summons – ECF No. 19)

12
13
14

This matter is before the court on Plaintiff Malcom Gray's Motion for Issuance of Summons and Identifying Unserved Defendants (ECF No. 19). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

15
16
17
18
19
20
21
22
23

Mr. Gray is a prisoner in the custody of the Nevada Department of Corrections and is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. This case arises from Mr. Gray's allegations, pursuant to 28 U.S.C. § 1983, that Defendants violated his civil rights. On July 3, 2014, he commenced this action by filing an Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). Upon review of the complaint, the court issued an Order (ECF No. 4) instructing Mr. Gray to file an amended complaint to correct certain defects in his pleading. Once he did so, *see* Am. Compl. (ECF No. 6), the court issued a Screening Order (ECF No. 8) finding that the amended complaint stated plausible claims for First Amendment retaliation and due process violations.

24
25
26
27
28

The court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. *Id.* However, the parties did not reach a settlement and the case was returned to the normal litigation track. *See* Mins. of Proceedings (ECF No. 13). On November 17, 2015, the Nevada Office of the Attorney General accepted service on behalf of Defendants

James G. Cox, Sheryl Foster, Jennifer Nash, Dwight Neven, Timothy Filson, and Bruce Stroud (the "NDOC Defendants").  *See* Notice Acceptance of Service (ECF No. 17).  However, service was not accepted for Defendant Edward Armbruster, who was no longer employed by NDOC. *See* Sealed Submission of Last Known Address (ECF No. 18).

Rule 4(m) of the Federal Rules of Civil Procedure states a defendant must be served within 90 days.  A court may dismiss an action without prejudice if the summons and complaint are not served on the defendants within 90 days or such further time as ordered by the court.  *Id.*; *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).  However, Rule 4(m) requires the court to extend the time for service if a plaintiff shows good cause for the failure to timely serve the complaint.  In cases involving an incarcerated pro se plaintiff, the USM will serve the summons and the complaint upon order of the court.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).  But it is the plaintiff's responsibility to provide the USM with information necessary to locate each defendant to be served.  *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995).

Mr. Gray's motion identifies Defendant Edward Armbruster as an unserved defendant and asks the court to issue a summons and direct service to Armbruster's last known address. The NDOC Defendants filed a Non-Opposition (ECF No. 20) to this motion.  The court finds good cause to extend the service deadline until **November 7, 2016**.  Additionally, the Clerk of the Court will be directed to issue summons to Armbruster and provide the U.S. Marshal Service ("USM") with the Armbruster's last known address to attempt service.  If the USM is unable to serve Armbruster at his last known address and Mr. Gray wishes to have service attempted again, he must file a timely motion specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.  Pursuant to Rule 4(m), Mr. Gray must comply with this Order by accomplishing service by **November 7, 2016**, and his failure to complete service by that deadline may result in a recommendation to the district judge that the claims against Armbruster be dismissed without prejudice.

/ / /

/ / /

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Malcom Gray's Motion for Issuance of Summons and Identifying Unserved Defendants (ECF No. 19) is GRANTED.

2. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to accomplish service is extended until **November 7, 2016**.

3. The Clerk of the Court SHALL ISSUE SUMMONS *UNDER SEAL* for Defendant Edward Armbruster and deliver the same to the USM for service, along with a copy of the Amended Complaint (ECF No. 6), Sealed Submission of Last Known Address (ECF No. 18), and this Order.

4. The USM is directed to serve Defendant Edward Armbruster at the address listed in the Sealed Submission of Last Known Address (ECF No. 18).

5. After attempting service, the USM shall redact the return of service form(s) so that Defendant Edward Armbruster's last known address is not made publically available and file a notice with the court indicating whether Armbruster was served.

6. If the USM is unable to serve Defendant Edward Armbruster and Mr. Gray wishes to have service attempted again, he must timely file a motion specifying a more detailed name and/or address for him, or whether some other manner of service should be attempted.

7. Mr. Gray must comply with this Order by accomplishing service by **November 7, 2016**, and his failure to complete service by this deadline may result in a recommendation to the district judge that this case be dismissed without prejudice.

Dated this 9th day of August, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE