UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MALCOM GRAY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>GREG COX, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:14-cv-01094-JAD-PAL<br><br>**ORDER**<br><br>(Mot. to Compel – ECF No. 26) |

This matter is before the court on Plaintiff Malcom Gray's Motion to Compel Discovery (ECF No. 26). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Gray is a prisoner in the custody of the Nevada Department of Corrections and is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. This case arises from Mr. Grey's allegations, pursuant to 28 U.S.C. § 1983, that Defendants violated his civil rights. Upon review of the Amended Complaint (ECF No. 6), the court entered a Screening Order (ECF No. 8) finding that Mr. Gray stated plausible claims for First Amendment retaliation and due process violations. On November 17, 2015, the Nevada Office of the Attorney General accepted service on behalf of Defendants James G. Cox, Sheryl Foster, Jennifer Nash, Dwight Neven, Timothy Filson, and Bruce Stroud (the "NDOC Defendants"). *See* Notice Acceptance of Service (ECF No. 17). On February 22, 2016, the court entered a Scheduling Order (ECF No. 23) directing that discovery in this action shall be completed by May 23, 2016. *Id*. ¶ 3(a). The Scheduling Order also provided deadlines of June 6, 2016, to file discovery motions, and July 6, 2016, to file dispositive motions. *See id*. ¶¶ 1, 5. The parties did not seek any extensions of the deadlines stated in the Scheduling Order and discovery is now closed.

Mr. Gray's Motion (ECF No. 26) asks the court to compel the NDOC Defendants to respond to answer his interrogatories. The interrogatories were post-marked April 30, 2016, *see* Opp'n Exhibit A (ECF No. 27-1), which was less than 30 days from the close of discovery. Counsel for the NDOC Defendants responded to Mr. Gray in a letter dated May 13, 2016, stating that the discovery requests were untimely and informing him that they would not be answering his requests. On or about June 1, 2016, Mr. Gray directed someone to send an email to the NDOC Defendants' counsel on his behalf regarding the interrogatories. *See* Opp'n Exhibit E, Decl. of Counsel (ECF No. 27-5), Exhibit C, Email from 3rd Party Regarding Gray (ECF No. 27-3); *see also* Mot. Exhibit A (attaching the same email). The email states that Mr. Gray's discovery requests were delayed by the prison mail system and asks counsel to reply in good faith to his discovery request. *Id.* As evidence of the delays, Mr. Gray enclosed a copy of an envelope post-marked April 11, 2016, from Las Vegas, Nevada, and stamped received by the prison in Indian Springs, Nevada, on April 21, 2016. *See* Opp'n Exhibit C (ECF No. 27-3) at 4. Counsel for the NDOC Defendants states that he did not trust the email as being authentic because the email was sent by an unknown person and contained unknown attachments. Decl. of Counsel (ECF No. 27-5) ¶ 5.

Mr. Gray filed his Motion (ECF No. 26) on July 7, 2016. The Motion asserts that pursuant to the "mailbox rule," his interrogatories were mailed in a timely manner. He also attaches a grievance dated April 23, 2016, in which he purportedly complained to prison officials about the mail delay. *See* Mot. Exhibits B–C. The NDOC Defendants oppose the Motion on multiple grounds. *See* Opp'n (ECF No. 27). They argue that, based on the April 30, 2016 post-mark, Mr. Gray did not allow them sufficient time to complete a response to his interrogatories before the close of discovery, and he did not request an extension of time from the court to complete this discovery. The NDOC Defendants also argue that Mr. Gray filed the Motion on July 7, 2016, over one month after the deadline set in the Scheduling Order for filing discovery motions. Thus, the Motion is untimely. Mr. Gray did not file a reply and the deadline for doing so has now passed. The court has considered the Motion and Opposition.

/ / /

1    Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a motion to compel
2    discovery materials may only be filed when a timely discovery request has been served, the
3    opposing party has not responded or has inadequately responded, and the moving party has
4    attempted in good faith to resolve any dispute about the adequacy of the discovery responses
5    without the court's intervention. *See* Fed. R. Civ. P. 37(a). The Local Rules of Practice state
6    that discovery motions will not be considered unless the movant (1) has made a good-faith effort
7    to meet and confer before filing the motion, and (2) includes a declaration setting forth the
8    details and results of the meet-and-confer conference about each disputed discovery request. *See*
9    LR 26–7(c). The "meet and confer" process requires the parties "to communicate directly and
10   discuss in good faith the issues required under the particular rule or court order." *See* LR IA 1-
11   3(f).

12   The court finds that Mr. Gray satisfied the meet and confer requirement imposed by LR
13   26–7 and Rule 37(a)(2)(B) to the best of his ability. Where one of the parties is a prisoner, the
14   prisoner has no ability to conduct an in-person meeting and the meet and confer process must be
15   conducted by telephone or by exchanging letters. Although the format of the meet-and-confer
16   process changes, the substantive requirement remains the same—the parties must conduct
17   personal, two-way communication to attempt to resolve their disputes without judicial
18   intervention. *ShuffleMaster*, *Inc. v. Progressive Games*, *Inc*., 170 F.R.D. 166, 171 (D. Nev.
19   1996). Counsel for the NDOC Defendants questioned the authenticity of Mr. Gray's email at the
20   time it was received; however, he has attached an identical copy of the email confirming that he
21   directed the communication be sent to opposing counsel. Mr. Gray accurately and specifically
22   conveyed who he contacted, where, when, and how he attempted to personally resolve the
23   discovery dispute. *Id*. (citing *Monsanto*, 151 F.R.D. at 120). He made a good faith attempt to
24   comply with the meet and confer requirements; thus, the court will not deny his motion on this
25   ground.            D

26   Discovery requests must be served in a timely fashion. A party served with
27   interrogatories, requests for admissions, or requests for production must respond within 30 days
28   after being served with the discovery requests. Fed. R. Civ. P. 33(b), 34(b) and 36(a)(3).

3

Discovery requests are generally considered timely if they are made at least 33 days prior to the discovery cutoff (including three days for mailing), which ensures that the other party has sufficient time to respond. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 4701192, at *1 (D. Nev. Aug. 30, 2013); *Bishop v. Potter*, No. 2:08-cv-00726-RLH-GWF, 2010 WL 2775332, at *2 (D. Nev. July 14, 2010); *Andrews v. Raphaelson*, No. 2:06-cv-00209-RCJ-GWF, 2007 WL 160783, *6 (D. Nev. Jan. 12, 2007) (noting that a requesting party should commence their general written discovery "well before the discovery cut-off date"). Although discovery requests should generally be served at least 33 days prior to the close of discovery, this requirement is not absolute. *Id.* The court has discretion to excuse the failure to comply with a deadline if it is not excessive. *Id.*

Rule 16 of the Federal Rules of Civil Procedure requires the district court, in all cases not otherwise exempted, to issue a scheduling order limiting time to complete discovery and file motions. *See* Fed. R. Civ. P. 16(b)(3). Scheduling orders issued pursuant to Rule 16 are taken seriously. *See e.g. Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). The Ninth Circuit has stated:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. Of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). The parties must timely prosecute their case. When considering a request for an extension of the court's scheduling order deadlines the court examines whether the parties have been diligent in attempting to comply with the deadlines; if not "the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Neither the Federal Rules of Civil Procedure nor the Local Rules of Practice specify a time limit for filing a motion to compel. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (quoting *Shuffle Master*, 170 F.R.D. at 170). If the moving party has unduly delayed or the delay would result in substantial prejudice to the opposing party, the court may conclude

4

that a motion to compel is untimely. *Id.* A motion to compel may be filed after the close of discovery, but "absent unusual circumstances, it should be filed before the scheduled date for dispositive motions." *Id*.

Here, there is no dispute that Mr. Gray's interrogatories should have been served prior to April 23, 2016, for the NDOC Defendants to timely respond before the close of discovery. Yet counsel for NDOC has acknowledged at least one problem with the prison's postal system.[1] *See* Motion for Summary Judgment (ECF No. 24) at 4–5. In the absence of contrary evidence or argument, the court accepts as true Mr. Gray's assertion that he mailed the interrogatories in a timely manner. If this were the only failure to comply with the scheduling order the court would ordinarily be inclined to allow a pro se plaintiff some additional time as the delay was not excessive, and he may not have appreciated that discovery needs to be served in time to be completed before the discovery cutoff. However, the Motion to Compel was also untimely. It should have been filed no later than June 6th pursuant to the Scheduling Order. Mr. Gray received counsel's May 13th letter indicating that the interrogatories would not be answered but he still did not file the Motion within the remaining weeks before the discovery motion deadline or even the dispositive motion deadline on July 6th. The NDOC Defendants timely filed their summary judgment motion on July 6th. Mr. Gray's Motion was filed July 7th, and he provides no explanation for filing it over one month after the deadline. Granting an untimely motion to compel filed after the deadline for filing dispositive motions would disrupt the court's management of its docket and defeat the purpose of the Scheduling Order. As a result, the Motion will be denied.

Accordingly,

///

///

///

---

[1] In their Motion for Summary Judgment (ECF No. 24), the NDOC Defendants acknowledged at least one instance of problems with the prison's handling of prisoner's mail: "It is undisputed that on or about June 25, 2013, a day's worth of mail addressed to unit 11 inmates (where Plaintiff resided at the time), was found in a trash bin." *Id*. at 4–5.

**IT IS ORDERED:** Plaintiff Malcom Gray's Motion to Compel (ECF No. 26) is DENIED.

Dated this 11th day of August, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE